**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Juan Pablo VILLASENOR–VILLA, Defendant–Appellant.**

**No. 15–30031.**

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2016.*

Filed April 8, 2016.

Marc Haws, Assistant U.S., Anthony G. Hall, Esquire, Assistant U.S., Office of The U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Leo Griffard, Golden, CO, for Defendant–Appellant.

Before: HAWKINS, RAWLINSON, and CALLAHAN, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM ***

Defendant–Appellant Juan Pablo Villasenor–Villa (Villasenor) was convicted by a jury of manufacturing more than 1,000 marijuana plants, in violation of 21 U.S.C. § 841; possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841; engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848; and injury to government property, in violation of 18 U.S.C. § 1361. He challenges only his conviction for engaging in a continuing criminal enterprise.

Contrary to Villasenor's contention, there was sufficient evidence from which the jury could determine that Villasenor organized, supervised, or otherwise managed at least five individuals, as required for a conviction under 21 U.S.C. § 848. Specifically, there was sufficient circumstantial evidence from which the jury could infer that Villasenor held an organizer-manager position over six people. *See United States v. Baker,* 10 F.3d 1374, 1409–10 (9th Cir.1993), *as amended* (holding that the "organizer, supervisor, or manager" element of the statute was met where the defendants organized "underlings in the Company's drug manufacturing and distribution activities"), *overruled on other grounds by United States v. Nordby,* 225 F.3d 1053, 1059 (9th Cir. 2000).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.